**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **MELVIN ONIDAS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 25-601** |
| **ST. BERNARD PARISH PRISON** | **SECTION: "T"(1)** |

## ORDER AND REASONS

Melvin Onidas has applied to this Court for a writ of habeas corpus under 28 U.S.C. § 2241. R. Doc. 8. Defendant St. Bernard Parish Prison filed an Answer, R. Doc. 17, and a Supplement thereto, R. Doc. 28. Petitioner has also filed multiple letters and other supplemental responses. *See* R. Docs. 11, 15, 20, 21, 22, 23, 24, 29, and 30. Essentially, he contends that his confession was coerced and that his motion to suppress evidence should have been granted. R. Doc. 8. For the reasons set forth below, the Court will deny the petition as premature.

I. BACKGROUND

On December 4, 2024, Petitioner was charged by bill of information with one count of armed robbery in violation of La. R.S. 14:64. On December 17, 2024, the District Attorney filed a Superseding Bill of Information charging him with two counts of First Degree Robbery, a violation of La. R.S. 14:64.1. R. Doc. 17-2, p. 2. On July 23, 2024, the state court heard a motion for preliminary examination and motion to suppress the Petitioner's confession. After hearing testimony from Captain Ryan Melerine, reviewing the signed waiver of rights form, and watching the video of the confession, the state court found probable cause and denied the motion to suppress the confession. *Id.*, p. 7. Petitioner then sought supervisory writs from the Fourth Circuit Court of Appeal, which denied his application on October 18, 2024, due to lack of support for his claim that he was coerced and the confession was given in counsel's absence. R. Doc. 17-1, p. 2. The

Louisiana Supreme Court denied writs, but a concurring justice noted that the "Applicant may raise the suppression of evidence issue at trial and if the facts are as represented would be entitled to relief." *State v. Onidas*, 2024-01358, 400 So.3d 108 (mem) (La. 2/5/25) (Hughes, J., concurring). Petitioner's application for reconsideration was not considered. *State v. Onidas*, 2024-KH-01358 (La. 5/6/25). Petitioner filed the instant application on May 21, 2025. R. Doc. 8.

## II. LAW and ANALYSIS

Petitioner is a pretrial detainee; therefore, his petition is governed by 28 U.S.C. § 2241. *See Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir. 1998) (citations omitted). Section 2241 authorizes a federal writ of habeas corpus when a prisoner can show that he is "in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3). A state pretrial detainee may seek a federal writ of habeas corpus under § 2241 only if the following two prerequisites are met: (1) the petitioner must be in custody for purposes of § 2241(c); and (2) the petitioner must have exhausted available state remedies. *See Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 489 (1973); *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987). Unlike habeas petitions governed by the Antiterrorism and Effective Death Penalty Act of 1996, habeas petitions under § 2241 are reviewed *de novo* by federal courts. *See Martinez v. Caldwell*, 644 F.3d 238, 242 (5th Cir. 2011).

A petitioner must fully exhaust all available state court remedies before seeking federal habeas relief under 28 U.S.C. § 2241. *Braden*, 410 U.S. at 489; *Dickerson*, 816 F.2d at 224. Although the text of § 2241 does not contain an express exhaustion requirement, "courts have grafted an exhaustion requirement onto § 2241[.]" *Hartfield v. Osborne*, 808 F.3d 1066, 1073 (5th

Cir. 2015). As explained by the Fifth Circuit, the exhaustion requirement is based on federal courts abstaining from interfering in matters pending in the state courts:

> [A] body of case law has developed holding that although section 2241 establishes jurisdiction in the federal courts to consider pre-trial habeas corpus petitions, federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner.

*Dickerson*, 816 F.2d at 225 (citations omitted). The exhaustion requirement "protect[s] the state courts' opportunity to confront and resolve initially any constitutional issues arising within their jurisdiction as well as to limit federal interference in the state adjudicatory process." *Id.* (citations omitted). A claim is properly exhausted when the petitioner has "fairly apprise[d] the highest court of his state of the federal rights which were allegedly violated" and to do so "in a procedurally correct manner." *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993) (citations omitted). In Louisiana, the highest state court for habeas exhaustion purposes is the Supreme Court of Louisiana.

The Rules Governing Section 2254 Cases in the United States District Courts apply to Petitioner's § 2241 petition. *See* Rule 1(b), Rules Governing Section 2254 Cases in the United States District Courts (stating that the "district court may apply any or all of these rules to a habeas corpus petition not covered by [petitions brought under 28 U.S.C. § 2254]"). Rule 4 directs that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition ...." Rule 4, Rules Governing Section 2254 Cases in the United States District Courts.

In this case, Petitioner has not exhausted his state remedies on the claims raised in his petition. According to the Supplemental Answer filed by the St. Bernard Parish Prison, Petitioner

has yet to face trial for the charged offenses. R. Doc. 28. Petitioner has not shown otherwise. The Louisiana Supreme Court noted that Petitioner may raise the suppression of evidence issue at trial. 400 So.3d at 108. Because the issues raised in the petition "may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner," *Dickerson*, 816 F.2d at 225, the Court will deny the petition as premature without prejudice.

## III. CERTIFICATE OF APPEALABILITY

Petitioner has not apparently requested a certificate of appealability, but Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner. *See* 28 U.S.C. § 2253. When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, the court should issue a certificate of appealability when the prisoner shows that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, Petitioner has not made the necessary showing. The Court denies a certificate of appealability.

## IV. CONCLUSION

For the reasons set forth above,

**IT IS ORDERED** that Petitioner's claims are DENIED WITHOUT PREJUDICE for failure to exhaust state court remedies. A certificate of appealability will not be issued.

New Orleans, Louisiana this 18th day of November, 2026.

Greg Gerard Guidry

**UNITED STATES DISTRICT JUDGE**